**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHITA ALBERT,<br><br>    Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>    Defendants.<br>_____/ | No. C 12-00513 JSW<br><br>**ORDER GRANTING, IN PART, AND DENYING, WITHOUT PREJUDICE, IN PART, MOTION TO DISMISS COMPLAINT AND REMANDING** |

**INTRODUCTION**

This matter comes before the Court upon consideration of the Motion to Dismiss, filed by Defendant Wells Fargo Bank, N.A. ("Wells Fargo"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court HEREBY GRANTS, IN PART, AND DENIES WITHOUT PREJUDICE, IN PART, Wells Fargo's motion to dismiss, and it HEREBY REMANDS this action to the Superior Court of the State of California for the County of San Mateo ("San Mateo Superior Court").[1]

**BACKGROUND**

On or about August 30, 2005, Plaintiff, Chita Albert ("Ms. Albert"), obtained two loans for real property located at 418 Wyandotte Avenue, Daly City, California (the "Subject Property"). Ms. Albert obtained the first loan from defendant Harmonious Holdings ("Harmonious"), in the amount of $110,000. (*See* Notice of Removal, Ex. A (Complaint

---

[1] In light of this ruling, the Court DENIES WITHOUT PREJUDICE Wells Fargo's motion to expunge notice of pending action, and it vacates the hearing date of June 8, 2012.

1  ("Compl.") ¶¶ 1, 8-9.) Plaintiff alleges that, after December 2009, she was unable to make
2  payments on that loan due to financial difficulties. (Compl. ¶¶ 8, 10.)

3  Ms. Albert obtained the second loan, in the amount of $880,000, from World Savings
4  Bank, FSB, which is now owned by Wells Fargo (hereinafter "the Loan"). (Compl. ¶ 9; Wells
5  Fargo's Request for Judicial Notice ("RJN"), Ex. E (Deed of Trust).)[2] Ms. Albert alleges that
6  she notified Wells Fargo that she would be unable to make payments on the Loan after February
7  2010 and that she needed "mortgage relief." (*Id.* ¶ 10.)

8  On or about September 10, 2010, defendant Cal-Western Reconveyance Corporation
9  ("Cal-Western") sent Ms. Albert a Notice of Default. (RJN, Ex. F.) Ms. Albert alleges that, in
10  July and August 2011, she spoke with David Smiley and other Wells Fargo employees about
11  her requests for loan modifications, provided Wells Fargo with the information they requested,
12  and asked Wells Fargo to postpone a trustee's sale scheduled for August 4, 2011. (*Id.* ¶¶ 11-16;
13  RJN, Ex. G.) Ms. Albert alleges that the trustee's sale went forward, that Mr. Smiley suggested
14  that he would try to reverse matters but could make no promises, and he asked Ms. Albert for
15  further documentation. Ms. Albert alleges that from February 2010 through August 2011,
16  Wells Fargo consistently refused her request for a loan modification. (*Id.* ¶ 20.)

17  On November 29, 2011, Ms. Albert filed her Complaint in San Mateo Superior Court, in
18  which she asserted the following causes of action: (1) Breach of Written Contract - Third Party
19  Beneficiary; (2) Promissory Estoppel; (3) Negligence; (4) Negligent Misrepresentation; (5)
20  Fraud; (6) Intentional Infliction of Emotional Distress; (7) Violations of California Business &
21  Professions Code §§ 17200, *et seq.*; and (8) Quiet Title.

22  On February 1, 2012, Wells Fargo removed, on the basis of federal question jurisdiction,
23  based on Ms. Albert's first claim for relief. In the alternative, Wells Fargo asserts that the Court
24  has diversity jurisdiction, because Cal Western and Harmonious, each of which are California

---

[2] World Savings Bank, FSB changed its name to Wachovia Mortgage, FSB, which later merged into Wells Fargo. It is presently known as "Wachovia Mortgage, a division of Wells Fargo Bank, N.A." (*See* Wells Fargo RJN, Exs. A-D.) Ms. Albert alleges that she sought relief from "Wachovia." However, for ease of reference, the Court shall refer to Wachovia, formerly known as World Savings, as Wells Fargo throughout this Order.

2

1 corporations, have been fraudulently joined and should be ignored for purposes of determining
2 diversity of citizenship. (Notice of Removal at 2:4-3:9, 6:7-9:2.)

3 The Court shall address additional facts as necessary in its analysis.

## ANALYSIS

**A.     Applicable Legal Standard.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). However, even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.... When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

As a general rule, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (citation omitted). However, the Court may consider documents attached to the complaint, documents relied upon but not attached to the complaint, when the authenticity of those documents is not questioned, and other matters of which the Court can take judicial notice, without converting a motion to dismiss into a motion for summary judgment. *Zucco Partners LLC v. Digimarc Corp.*, 552 F.3d 981, 990 (9th Cir. 2009).

**B.     The Court Grants Wells Fargo's Request for Judicial Notice.**

Wells Fargo asks the Court to take judicial notice of documents pertaining to World Savings Bank FSB's status as a federal savings bank, World Savings Bank FSB's name change to Wachovia Mortgage, and Wells Fargo's acquisition of Wachovia Mortgage. (RJN, Exs. A-D.) Wells Fargo also asks the Court to take judicial notice of the Deed of Trust, the Notice of Default, and the Notice of Trustee's Sale, that were recorded in connection with the Subject Property. (*Id.*, Exs. E-G.) Ms. Albert has not filed an objection to the Request for Judicial Notice. Because these documents are the proper subject of judicial notice, the Court GRANTS Wells Fargo's request.

**C.     The Court Dismisses, with Prejudice, the Breach of Contract Claim.**

Wells Fargo argues that Ms. Albert lacks standing to pursue her breach of contract claim. According to Ms. Albert, Wells Fargo breached provisions of "the Servicer Participation Agreement ("SPA")" between it and "the U.S. Treasury," which pertained to its participation in the Home Affordable Modification Program ("HAMP"). (Compl. ¶¶ 22-27.) Although Ms. Albert alleges that she is an intended third party beneficiary of this contract, and, therefore, has standing to sue for a breach of its terms, many district courts in the Ninth Circuit have rejected this argument. *See, e.g., Hoffman v. Bank of America, N.A.,* 2010 WL 2635773 (N.D. Cal. June 30, 2010). In *Hoffman*, the court determined that borrower was "an incidental and not an intended beneficiary to the HAMP servicer's agreement." 2010 WL 2635773, at *4 (citing *Klamath v. Patterson*, 204 F.3d 1206 (9th Cir. 1999) and distinguishing *County of Santa Clara*

4

*v. Astra USA, Inc.*, 588 F.3d 1237 (9th Cir. 2009)). *Hoffman* recognized the weight of authority concluding that a borrower does not have enforceable rights under the HAMP Servicer Participation Agreement, and the Court adopts the *Hoffman* court's reasoning to determine that Ms. Albert does not have standing to sue under the SPA. *Hoffman*, 2010 WL 2635773, at *3-4. *See also Lucia v. Wells Fargo Bank, N.A.*, 798 F. Supp. 2d 1059, 1070-71 (N.D. Cal. 2011); *Orcilla v. Bank of America, N.A.*, 2010 WL 5211507 (N.D. Cal. Dec. 16, 2010) (disagreeing with *Marques v. Wells Fargo Home Mortg.*, 2010 WL 3212131 (S.D. Cal. Aug. 12, 2010)). For this reason, the Court concludes that it would be futile to grant Ms. Albert leave to amend this claim. Accordingly, the Court GRANTS Wells Fargo's motion to dismiss the claim for relief for breach of contract, and it dismisses that claim with prejudice.

**D.     The Court Shall Remand this Action to San Mateo Superior Court.**

As set forth above, Wells Fargo removed this case on the basis of federal question jurisdiction, based on the breach of contract claim. Wells Fargo argues that the Court has diversity jurisdiction because Harmonious and Cal-Western are fraudulently joined sham defendants. While diversity jurisdiction under 28 U.S.C. § 1332 ordinarily requires complete diversity of the parties, removal is proper despite the presence of a non-diverse defendant when that defendant was fraudulently joined, in other words, where that defendant is merely a "sham" defendant. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

In the Ninth Circuit, if a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. Gen. Foods*, 811 F.2d 1336, 1339 (9th Cir. 1987). A fraudulently joined non-diverse defendant will not defeat jurisdiction. *Id.* The party asserting the fraudulent joinder bears the burden of proof and remand must be granted unless the defendant can show that there is no possibility that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant. *See Levine v. Allmerica Fin. Life Ins. & Annuity Co.*, 41 F. Supp. 2d 1077, 1078 (C.D. Cal. 1999). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (internal quotations

omitted). "Courts should resolve doubts as to removability in favor of remanding the case to state court." *Id.*

Although it is true that the allegations against Harmonius and Cal-Western are sparse, the Court cannot say that there is no possibility that Ms. Albert could prevail on any cause of action she has asserted against these defendants. Accordingly, the Court cannot find that they are sham defendants, and it cannot ignore their presence in this action for purposes of diversity jurisdiction. Thus, there is not complete diversity and Ms. Albert's state law claims are the only claims that remain pending. The United States Supreme Court has explained that "[n]eedless decisions of state law should be avoided as both a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *United Mine Workers of Am.*, 383 U.S. at 726 (footnote omitted). In this case, it would be equally convenient for the parties to try the remaining claims in state court. Further, the Court has expended few resources in supervising this case. *See Trustees of the Construction Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 926 (9th Cir. 2003) (finding an abuse of discretion where the district court ordered a dismissal of state law claims just seven days before trial and after long delays). Therefore, the principles of comity, convenience, and judicial economy weigh against retaining supplemental jurisdiction in this case.

## CONCLUSION

For the foregoing reasons, the Court GRANTS, IN PART, Wells Fargo's motion to dismiss Ms. Albert's breach of contract claim. Because the declines to exercise supplemental jurisdiction over Ms. Albert's remaining state law claims, it denies Wells Fargo's motion to dismiss, without prejudice to renewing the arguments in state court. This matter is hereby REMANDED to the San Mateo Superior Court. The Clerk is directed to close the file.

**IT IS SO ORDERED.**

Dated: April 11, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

6